# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 24, 2022

Lyle W. Cayce
Clerk

No. 21-60339
Summary Calendar

───────────

Reza Ahrabi,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

───────────

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A210 032 931

───────────

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Reza Ahrabi, a native and citizen of Iran, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of the immigration judge (IJ) concluding that he was ineligible for asylum, withholding of removal, and relief under the Convention Against

───────────

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60339

Torture (CAT).    The BIA affirmed the IJ's adverse credibility determination; on that basis, it concluded that Ahrabi had failed to establish an eligibility for relief.  The IJ specifically found that Ahrabi was not credible regarding his assertion that he had renounced Islam.

As he did in his appeal to the BIA, Ahrabi challenges the BIA's credibility determination, raising various arguments that attempt to explain away the inconsistencies identified by the IJ.  However, the IJ and the BIA cited "specific and cogent reasons derived from the record" to support the adverse credibility determination.  *Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018) (internal quotation marks and citation omitted).  Ahrabi has failed to demonstrate that it is clear from the totality of the circumstances that no reasonable factfinder could make an adverse credibility ruling in his case.  *See Wang v. Holder*, 569 F.3d 531, 538-40 (5th Cir. 2009).  The adverse credibility determination is supported by substantial evidence.  *See id.* at 536-40.

Furthermore, Ahrabi's argument that the IJ erred by excluding from the record the affidavit by Mark Pfeiffer has no merit.  The affidavit was filed by Ahrabi after the deadline established by the IJ for the submission of any supporting documents; it was untimely.  *See* 8 C.F.R. § 1003.31(h).

Without credible evidence, there was no basis for the BIA to grant asylum or withholding of removal.  *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994).  Although Ahrabi raises other issues regarding the denial of his asylum and withholding of removal claims, given the dispositive adverse credibility determination, we need not address those issues.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).    Further, although an adverse credibility determination is not necessarily dispositive of a CAT claim, Ahrabi has pointed to "no independent, non-testimonial evidence going to the likelihood of torture," and therefore the adverse credibility finding is also decisive of

No. 21-60339

his CAT claim. *Arulnanthy v. Garland*, 17 F.4th 586, 597-98 (5th Cir. 2021) (quotation on 598). Accordingly, the petition for review is DENIED.